CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

FEB 0 3 2009

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Case No. 5:07cr00012-2 |
| | ) | |
| v. | ) | **2255 MEMORANDUM OPINION** |
| | ) | |
| FERNANDO ROCHA FUENTES | ) | By: Samuel G. Wilson |
| | ) | United States District Judge |

Petitioner, Fernando Rocha Fuentes, filed this 28 U.S.C. § 2255 motion challenging his sentence for conspiring to distribute methamphetamine and using or possessing a firearm in furtherance of a drug trafficking crime. Fuentes claims his plea was not knowing and voluntary and raises two grounds of ineffective assistance of counsel, including counsel's failure to file an appeal upon Fuentes' request. This matter is before the court on respondent's motion to dismiss. On the existing record, the court is unable to resolve Fuentes' claim that counsel was ineffective in failing to file an appeal upon request and, therefore, refers the matter for an evidentiary hearing on the issue.

## I.

On March 8, 2007, Fuentes was indicted in this court and charged with conspiring to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. § 846 and using or possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). Pursuant to a written plea agreement, Fuentes pled guilty to both offenses. The court ultimately sentence Fuentes to a total of 210 months incarceration, consisting of 150 months as to the conspiracy charge and 60 months as to the firearm charge, to be served consecutively. Fuentes did not appeal.

## II.

One of Fuentes' claims of ineffective assistance is that counsel failed to file an appeal upon Fuentes' request. "An attorney who fails to file an appeal after being instructed by his client to do so is per se ineffective." United States v. Witherspoon, 231 F.3d 923, 926-27 (4th Cir. 2000) (citing Roe

v. Flores-Ortega, 528 U.S. 470 (2000)). The aggrieved inmate need only show "that . . . counsel was ineffective and . . . but for counsel's ineffectiveness, an appeal would have been filed." Id. The inmate need not show a reasonable probability of success on appeal. See id. Thus, if Fuentes' allegation that he instructed his attorney to appeal is accurate, then he has stated a claim for relief. In light of Fuentes' allegation and his trial counsel's conflicting affidavit, the court refers for an evidentiary hearing on the issue of whether Fuentes asked his trial counsel to file a direct appeal.

## III.

With regard to Fuentes' other claims, the United States Court of Appeals for the Fourth Circuit, in United States v. Killian, 22 Fed. Appx. 300 (4th Cir. 2001), instructed that when a district court grants a § 2255 motion due to counsel's failure to file a direct appeal despite petitioner's request, the court may not consider the merits of any of the remaining claims in the § 2255 motion, but must instead dismiss those claims without prejudice. Since the outcome of the evidentiary hearing may affect the issues raised in Fuentes' other claim, the court will not address respondent's argument in its motion to dismiss regarding Fuentes's other claim at this time.

## IV.

For the reasons stated herein, the court the court refers the matter to United States Magistrate Judge Michael F. Urbanski for an evidentiary hearing on the issue of whether Fuentes asked his trial counsel to file a direct appeal.

ENTER: This 2rd day of February, 2009.

_____
United States District Judge